## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

STEVE ZINKEL,                           )
                                        )
                    Plaintiff,          )
                                        )
v.                                      )    Case No. CIV-15-229-JHP-KEW
                                        )
NANCY A. BERRYHILL, Acting              )
Commissioner of Social                  )
Security Administration,                )
                                        )
                    Defendant.          )

## REPORT AND RECOMMENDATION

Plaintiff Steve Zinkel (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied.  <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted).  The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991).  Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on March 13, 1955 and was 59 years old at the time of the ALJ's decision.  Claimant completed his high school education.  Claimant worked in the past as an electrician.  Claimant alleges an inability to work beginning June 1, 2011 due to limitations resulting from degenerative disc disease of the lumbar spine and knee and shoulder pain.

**Procedural History**

On June 5, 2012, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On April 17, 2014, Administrative Law Judge ("ALJ") Doug Gabbard, II conducted an administrative hearing by video with Claimant appearing in Poteau, Oklahoma and the ALJ presiding in McAlester, Oklahoma. On July 1, 2014, the ALJ issued an unfavorable decision. On May 11, 2015, the Appeals Council denied review of the decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform his past relevant work.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) making an unsupported credibility determination; (2) arriving at an erroneous and unsupported RFC; and (3) failing to fully develop the record.

## Credibility Determination

In his decision, the ALJ determined Claimant suffered from the

severe impairment of degenerative disc disease of the lumbar spine. (Tr. 21). The ALJ concluded that Claimant retained the RFC to perform a full range of medium work. (Tr. 22). He also found Claimant could perform his past relevant work as an electrician, which was classified as skilled work performed at the heavy level of exertion but generally performed at the medium level. (Tr. 27). As a result, the ALJ concluded Claimant was not disabled from June 1, 2011 through the date of the decision. Id.

Claimant contends the ALJ failed to perform a proper credibility analysis. Since the ALJ's decision in this matter, the Social Security Administration has revised its rulings on evaluating statements related to the intensity, persistence, and limiting effects of symptoms in disability claims - what heretofore has been known as "credibility" assessments. Soc. Sec. R. 16-3p, 2106 WL 1119029 (March 16, 2016), superceding Soc. Sec. R. 96-7p, 1996 WL 374186 (July 2, 1996). On remand, the ALJ shall apply the new guidelines under Soc. Sec. R. 16-3p in evaluating Claimant's testimony regarding "subjective symptoms".

## RFC Determination

Claimant first contends the ALJ failed to adequately accommodate his assertions of pain as a non-exertional impairment when formulating the RFC. As stated, the ALJ is required to re-

5

evaluate Claimant's credibility with regard to his assertions - including pain.  Should this reassessment result in a change in the evaluation of this non-exertional impairment, the ALJ shall make the necessary changes to the RFC.

Claimant also asserts that the ALJ improperly rejected the opinion of his treating physician, Dr. George Howell.  Dr. Howell authored a medical source statement dated September 14, 2012.  He limited Claimant to sitting, standing, and walking for 15 minutes each at a time and for two hours each in an eight hour workday.  he was found to not be able to use his hands for reaching, handling/grasping, pushing and pulling, and engage in fine manipulation.  He could not use his feet to operate foot controls.  Claimant could not squat, crawl, climb, stoop, crouch, or kneel and could occasionally bend and reach above his head.  (Tr. 299).  Dr. Howell found Claimant could not tolerate exposure to unprotected heights and being around machinery.  He could occasionally tolerate exposure to marked temperature changes, driving automotive equipment, and exposure to dust, fumes, and gases.  His objective signs for pain cited by Dr. Howell are joint deformity and spinal deformity, noting Claimant's MRI.  He estimated Claimant's pain as "severe."  (Tr. 300).

Dr. Howell opined Claimant could sometimes need to take unscheduled breaks during an eight hour shift, would sometimes need

to lie down at unpredictable times to rest, would have symptoms and pain severe enough to interfere with attention and concentration and severe enough to affect his ability to tolerate work stress. On average, Dr. Howell estimated Claimant would likely be absent from work for more than four days per month. Id.

Dr. Howell determined Claimant would need to elevate his feet periodically during the day, would need a sit/stand/walk option at will, and must use a cane or assistive device. Claimant was found to be able to occasionally look down, turn his head left or right, and hold his head in a static position. He could rarely look up. In the narrative statement, Dr. Howell states, "Patient suffers from severe degenerative disease of his lower spine and has generalized degenerative arthritis of his joints." (Tr. 301).

The ALJ did not give the opinion "controlling effect" because it was unsupported and inconsistent with other evidence. Ultimately, the ALJ stated he gave the opinion "very little, if any, weight." His bases for doing so include (1) he had done little testing; (2) his opinion was not consistent with the record; (3) he was not a specialist; and (4) his opinion was inconsistent with Dr. Howell's own treatment notes and other evidence which indicates Claimant's condition was largely stable with no gait abnormalities and controlled pain. (Tr. 26).

The MRI from October of 2010 indicated Claimant had multilevel

small disc protrusions from L2-3 through L5-S1 levels with right paracentral disc protrusion at L4-5, mild compression of the thecal sac and the right L5 nerve root within the sac as well as some left lateral spurring and left 4-5 foraminal stenosis. Right lateral disc protrusion and spurring at L3-4 with compression on the foraminal right L3 nerve root as well as right L4 nerve root in the thecal sac. Slight retrolisthesis of L4 on L5 and anterolisthesis of L5 on S1 with bilateral L5 pars defects. (Tr. 278).

Moreover, Dr. J. Wellman provided a medical source statement to the Appeals Council dated September 19, 2014. The statement indicates he first treated Claimant on March 24, 2011. Dr. Wellman limited Claimant to five pounds of lifting occasionally and none frequently. He also makes many other findings which are relatively consistent with Dr. Howell's findings of limitation. (Tr. 392-93). Since this matter is remanded to address other issues, the ALJ should have the opportunity to evaluate Dr. Wellman's statement and reassess Dr. Howell's statement in light of the apparent support for his position from Dr. Wellman. Should further consultative testing be necessary in the ALJ's view, he should re-contact the treating physicians or retain further consultative examiners as he sees appropriate.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case be **REMANDED** for further proceedings. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 14th day of March, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE